```
 1  LATHAM & WATKINS LLP
       Mark A. Flagel (Bar No. 110635)
 2     Yury Kapgan (Bar No. 218366)
    355 South Grand Avenue
 3  Los Angeles, California 90071-1560
    Telephone: (213) 485-1234
 4  Facsimile: (213) 891-8763

 5
    LATHAM & WATKINS LLP
 6     David A. Nelson, pro hac vice pending
       Jennifer Bauer, pro hac vice pending
 7  5800 Sears Tower
    Chicago, IL 60606
 8  Telephone: (312) 876-7700
    Facsimile  (312) 993-9767
 9

10  Attorneys for Plaintiff
    Symantec Corporation
11
```

FILED

2008 DEC 19 P 4 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION, a Delaware Corporation, | **C08 05687** |
| Plaintiff, | Case No. _____ HRL |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT |
| CROSSROADS SYSTEMS, INC. a Texas Corporation | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Symantec Corporation ("Symantec") hereby pleads the following claims for Declaratory Judgment against Defendant Crossroads Systems, Inc. ("Crossroads"), and alleges as follows:



## PARTIES

1. Plaintiff Symantec is a Delaware Corporation with its principal place of business at 20330 Stevens Creek Boulevard, Cupertino, California 95014-2132.

2. On information and belief, Defendant Crossroads is a Texas Corporation with its principal place of business at 11000 MoPac Expressway, Austin, Texas, 78759.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action and the matter pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 1, *et seq.*

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the acts giving rise to the claim occurred in this District, and Crossroads is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

5. This action for a declaratory judgment of non-infringement and invalidity of patents is assigned on a district-wide basis under Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

6. This action involves U.S. Patent No. 5,941,972 ("the '972 patent") attached hereto as Exhibit A, U.S. Patent No. 6,425,035 ("the '035 patent"), attached hereto as Exhibit B, U.S. Patent No. 6,421,753 ("the '753 patent"), attached hereto as Exhibit C, U.S. Patent No. 6,763,419 ("the '419 patent"), attached hereto as Exhibit D, U.S. Patent No. 6,738,854 ("the '854 patent"), attached hereto as Exhibit E, U.S. Patent No. 6,789,152 ("the '152 patent"), attached hereto as Exhibit F, and U.S. Patent No. 7,051,147 ("the '147 patent"), attached hereto as Exhibit G (collectively "the patents-in-suit"). The '035, '753, '419, '854, '152 and '147 patents all claim priority to the '972 patent.

7. On August 26, 2004, Crossroads sent a letter to Veritas Software Corporation ("Veritas") offering Veritas a license to the '972 and '035 patents in exchange, in part, for "a

1 royalty rate as a percentage of the net sales of [Veritas] products covered by the '972 or '035
2 Patents."

3     8. Veritas requested Crossroads to provide Veritas with the basis for
4 Crossroads' assertions that any of the products or offerings of Veritas were covered by any
5 claims of the '972 and/or '035 patents. Crossroads indicated that it could not provide such
6 information to Veritas without a non-disclosure agreement in place. The parties discussed the
7 non-disclosure agreement for a short period, but did not ultimately reach such an agreement.
8 Veritas again requested Crossroads' basis for its claims. But the basis was never provided and
9 the parties had no further communication after the first quarter of 2005 until Crossroads suddenly
10 reappeared in December of 2008. In 2005, Symantec acquired Veritas.

11     9. On December 12, 2008, Crossroads sent a letter to Symantec offering a
12 license to the patents-in-suit for "any/all products, potentially including the various storage
13 foundation products acquired from Veritas" in exchange, in part, for "a running royalty on the
14 net sales of products using the patented access controls feature."

15     10. Upon information and belief, Crossroads contends that one or more of
16 Symantec's products infringe one or more claims of the patents-in-suit and that those claims are
17 valid, although it still has provided Symantec with no basis for such contentions.

18     11. Symantec denies that any of its products infringe any claim of the patents-in-
19 suit, and also denies that the patents-in-suit are valid.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement

22     12. Symantec incorporates herein the allegations of paragraphs 1-11.

23     13. An actual and justiciable controversy exists between Plaintiff Symantec and
24 Defendant Crossroads as to the non-infringement of the patents-in-suit, which is evidenced by
25 Crossroads' allegations that Veritas' products, later acquired by Symantec, as well as other
26 Symantec products infringe valid claims of the patents-in-suit, and Symantec's allegations
27 herein.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the declaration of the Court that Symantec does not infringe and has not infringed any claim of the patents-in-suit.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity

15. Symantec incorporates herein the allegations of paragraphs 1-11.

16. An actual and justiciable controversy exists between Plaintiff Symantec and Defendant Crossroads as to the invalidity of the patents-in-suit, which is evidenced by Crossroads' allegations that Veritas' products, later acquired by Symantec, as well as other Symantec products infringe valid claims of the patents-in-suit, and Symantec's allegations herein.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the declaration of the Court that the patents-in-suit are invalid under the Patent Act, 35 U.S.C. §§ 41 *et seq.*, including but not limited to sections 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Symantec respectfully requests that the Court enter declaratory judgment as follows:

1. That Symantec does not infringe and has not infringed, directly or indirectly, any of the patents-in-suit;

2. That the patents-in-suit are invalid;

3. That Crossroads, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that any of the patents-in-suit is infringed by Symantec, directly or indirectly;

4. That Symantec be awarded its costs, expenses and reasonable attorney fees in this action; and

5. That Symantec be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Symantec respectfully demands a jury trial in this action.

Dated: December 19, 2008

                LATHAM & WATKINS LLP

                By _/s/ Mark A. Flagel_
                     Mark A. Flagel
                     Attorneys for Plaintiff
                     SYMANTEC CORPORATION